**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street NW<br>Washington, DC 20522,<br><br>Defendant. | ) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State ("State Department") is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, DC 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 27, 2026, Plaintiff submitted a FOIA request to State Department seeking access to the following:

> All reports, assessments, cables/teletypes, and other records of communication regarding the "Nuestra América Convoy" visit to Cuba by representatives of CodePink and other organizations in March 2026. This request includes, but is not limited to, any such records provided to, and related records of communication with, any official or employee of the Department of Justice or the Department of the Treasury's Office of Foreign Assets Control.

The time frame of the request was identified as January 1, 2026, to the present.

6. By email dated May 29, 2026, State Department acknowledged receipt of the request on May 27, 2026, and advised Plaintiff that the request had been assigned FOIA Case Number F-2026-18675. State Department also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

7. Plaintiff has received no further communications from Defendant regarding the request.

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from production.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by July 10, 2026. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non- exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

//

Dated: November 23, 2026

Respectfully submitted,

*/s/ Ramona R. Cotca*
RAMONA R. COTCA
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: rcotca@judicialwatch.org

*Attorney for Plaintiff*